1
JME Trust
PO BOX 5222
2
Largo, Florida
727-557-6887
3
iamsomedude@yahoo.com

MAY 14 2024 AM 10:52
FILED - USDC - FLMD - TPA

4

5

6
## UNITED STATES DISTRICT COURT
### for the
7
### Middle District of Florida

8
BORIS ROGER ERICKSON as Trustee for
JME Trust
9
   Petitioner,

Case Number: 8:24 cv 1155 wFj - TGW

Verified Petition for Declaratory Relief, and
10
Permanent Injunctions against State of Florida,
Pinellas County, City of Largo, and City of
v.
Clearwater;
11
UNITED STATES;
STATE OF FLORIDA;
12
COUNTY OF PINELLAS;
CITY OF LARGO;
13
CITY OF CLEARWATER;
DOES 1-10;
14
ROES 1-10;
   Respondents.
15

16

17

18
Florida state
Pinellas county
19

Sworn to (or affirmed) and subscribed before me this 14th day of May, 2024 A.D., by the
20
undersigned Trustee of the JME Trust who is personally known to me.
21

22

Signature of Notary Public
23

Tina Washington
24
Print, Type or Stamp Name of Notary

25
Personally Known: X
OR Produced Identification: _____
26
Type of Identification Produced: _____
27

28

TRA - 70412
$ 405.00

# I. <u>Rank and Status of the Parties</u>

1.1   The Preamble for the Florida Constitution (1838) sets forth the Intent of forming this State:

Viz.   "We, the People of the Territory of Florida, by our Delegates in Convention, assembled at the City of St. Joseph, on Monday the 3d day of December, A.D. 1838, and of the Independence of the United States the sixty-third year, having and claiming the right of admission into the Union, as one of the United States of America, consistent with the principles of the Federal Constitution, and by virtue of the Treaty of Amity, Settlement, and Limits between the United States of America and the King of Spain, ceding the Provinces of East and West Florida to the United States; <u>in order to secure to ourselves and our posterity the enjoyment of all the rights of life, liberty, and property, and the pursuit of happiness, do mutually agree</u>, each with the other, <u>to form ourselves into a Free and Independent State</u>, by the name of the State of Florida."; and,

1.2   The Declaration of Rights, Article I, Section 1 of the Florida Constitution (1838), sets forth the Cause of forming this State, which enumerates the following:

Viz.   <u>**Article I, Section 1**</u>: "That all freemen, when they form a social compact, are equal; and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty; of acquiring, possessing, and protecting property and reputation; and of pursuing their own happiness."; and,

1.3   JME Trust Beneficiaries are each One of the Sovereign People of Florida (Declaration of Rights, Article I, Section 2 of the Florida Constitution (1838)); Their Rank in Society and Status are set forth herein:

Viz.   <u>**Article I, Section 2**</u>: "That all political power is inherent in the people, and all free governments are founded on their authority, and established for their benefit; and, therefore, they have, at all times, an inalienable and indefeasible right to alter or abolish their form of government, in such manner as they may deem expedient."; and,

1.4   JME Trust Beneficiaries' vested Rights are further secured pursuant the Declaration of Rights, Article I, Section 27;  The state has no power to divest or to impair vested rights whether such attempt be made by legislative enactment by municipal ordinance or by change in the constitution of the state:

Viz.   <u>**Article I, Section 27**</u>: "That to guard against transgressions upon the rights of the people, we declare that every thing in this article is excepted out of the general powers of government, and shall forever remain inviolate; and that all laws contrary thereto, or to the following provisions, shall be void."; and,

1.5   As One of the People of Florida, and as Trustee for JME Trust, Boris Roger Erickson exercises these Political Rights for the protection and defense of Beneficiaries' private property, at this juncture, which Rights herein cannot be denied, restrained, or struck out, unlike the Respondent, who is an agency of the State:

Viz.  **City of Fort Lauderdale v. Town of Hacienda Village, Inc., 172 So.2d 451**: "Municipal power derives from legislative action which brings it into being."

Viz.  **State ex Rel. University of Minnesota v. Chase, 175 Minn. 259, 264 (Minn. 1928)**: "That the university is a body corporate, with a degree of independence to be discussed later, in no way obstructs the conclusion that it is an agency of government to accomplish a state purpose, just as a municipal corporation, however independent it may be under its charter, is an agency of government for the accomplishment of local purposes."

## II. PARTIES

### Petitioner

2.1  JME Trust is an Irrevocable Inter Vivos Trust; Its domicile and mailing address is: JME Trust, 50 8th Avenue Southwest, Suite 5222, Largo, Florida; The Trustee for the JME Trust is Boris Roger Erickson, Corporation Sole - a Minister for the Church of Philadelphia; Boris Roger Erickson, Corporation Sole, is also Attorney-in-Fact for JME Trust; and,

### Respondents

2.2  United States as Defendant (*28 U.S.C. §1346*): United States is joined since it issued Land Patent numbered 5930 in the Year 1885, and Land Patent numbered 8702 in the Year 1891; Pursuant law, United States is a proper party under this Section; We require binding Declaratory Relief  declaring the Rights, Interests and Restrictions reserved affecting all Parties regarding the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891), and the Rights thereunder:

Viz. **Lindsey v. Hawes, 67 U.S. 554 (1862)**: This Court held that the First Pre-emptor had acquired the better right to the land, and was, therefore, entitled to a conveyance of the legal title

Viz. **Stark v. Starrs, 73 U.S. 402 (1867)**: "Where one party has acquired Legal Title to property to which another has better right, court of equity will convert him into trustee of true owner and compel him to convey legal title ... [CITY OF LARGO] have no pertinency to the case at bar, for here no prior or better right to the Land in dispute is shown by [CITY OF LARGO]" (emphasis added)

Viz. **Benson Mining Co. v. Alta Mining Co., 145 U.S. 428 (1892)**: (quoting *Stark v. Starrs*, 73 U.S. 402 (1867)) "The right to patent, once vested, is treated by the government when dealing with public lands as equivalent to patent issued and when patent does issue it relates back to inception of right of patentee so far as necessary to cut off intervening claimants"

2.3  STATE OF FLORIDA is joined because its Legislature has the obligation, right and duty to cure any defect in the administration of the Charters of CITY OF LARGO and CITY OF CLEARWATER; Further, STATE OF FLORIDA never  reserved any right to tax and

1    regulate the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and
2    8702 (1891); Wherefore, STATE OF FLORIDA has no right now; Moreover, there is no
3    right of preemption for entry upon the aforementioned Lands by STATE OF FLORIDA,
     including COUNTY OF PINELLAS / PINELLAS COUNTY, CITY OF CLEARWATER,
4    and CITY OF LARGO within the language of Land Patents 5930 (1885) and 8702 (1891)
5    to Legislate how, and what manners the Land can be used; and,

6    Viz.   **Graham Foster v. Goodcell**, 282 U.S. 409, 429, 51 S.Ct. 186, 194, 75 L.Ed. 415
7           (1931): "Where the asserted vested right, not being linked to any substantial equity,
            arises from the mistake of officers purporting to administer the law in the name of
8           the Government, the legislature is not prevented from curing the defect in
            administration simply because the effect may be to destroy causes of action which
9           would otherwise exist.", and;

10   2.4   COUNTY OF PINELLAS, a.k.a PINELLAS COUNTY, is joined in its Official capacity
11         because it is the taxing authority for STATE OF FLORIDA operating within Pinellas county,
           Florida; Since STATE OF FLORIDA never reserved any right to tax and regulate or
12         Legislate the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and
13         8702 (1891), COUNTY OF PINELLAS / PINELLAS COUNTY has no right now to
14         Legislate through Ordinances how and in what manner said Lands are used; Moreover, there
           is no reservation within the Language of these Land Patents that would now allow any right
15         of preemption as to how the Land may be Legislatively used, regulated and taxed;
16         Wherefore, any entries upon the aforementioned Lands by STATE OF FLORIDA, including
17         COUNTY OF PINELLAS / PINELLAS COUNTY within the boundaries of Land Patents
           numbered 5930 (1885) and 8702 (1891) is prohibited; and,

18   2.5   CITY OF CLEARWATER is a municipal corporation established by the Florida
19         Legislature; CITY OF CLEARWATER is an agency of STATE OF FLORIDA; CITY OF
20         CLEARWATER is being sued in its Official capacity for authorizing and condoning its
21         employees to impair the obligations of Contract by not prohibiting their Code Enforcement
22         Officers from taking possession and operating control over the Lands situate within the
           Boundaries of Land Patent numbered 5930 (1885) when STATE OF FLORIDA, COUNTY
23         OF PINELLAS / PINELLAS COUNTY and CITY OF CLEARWATER never reserved any
24         right to Legislate, tax or regulate the aforementioned Lands-nor is there any right of
25         preemption for entry upon the aforementioned Lands by STATE OF FLORIDA, COUNTY
26         OF PINELLAS / PINELLAS COUNTY, including CITY OF CLEARWATER within the
           Language of Land Patent numbered 5930 (1885) to do so; and,

27   Viz.   **City of Miami v. Rosen**, 151 Fla. 677, 682 (Fla. 1942): "Municipalities in Florida
28          are not subdivisions of the State as are counties. Secs. 1, 2, 3, Art. VIII, Constitution.

Municipalities are established in separately described areas containing inhabitants whose interests require special local governmental activities not afforded by State and county units."

Viz. **City of Tampa v. Easton, 145 Fla. 188, 191 (Fla. 1940):** "Unlike a county, a municipality is not a subdivision of the State with subordinate attributes of sovereignty in the performance of governmental functions and correlative limited privileges, immunities and exemptions from liability for negligence of its employees or in other respects as may be recognized or provided by law. A municipality is a legal entity consisting of population and defined area, with such governmental functions and also corporate public improvement authority as may be conferred by law in a charter or other legislative enactment under the Constitution."

2.6    CITY OF LARGO is a municipal corporation established by the Florida Legislature; CITY OF LARGO is an agency of STATE OF FLORIDA; CITY OF LARGO is being sued in its Official capacity for authorizing and condoning its employees to impair the obligations of Contract by not prohibiting their Code Enforcement Officers from taking possession and operating control over the Lands situate within the Boundaries of Land Patent numbered 8702 (1891) when STATE OF FLORIDA, COUNTY OF PINELLAS / PINELLAS COUNTY and CITY OF LARGO never reserved any right to Legislate, tax or regulate the aforementioned Lands-nor is there any right of preemption for entry upon the aforementioned Lands by STATE OF FLORIDA, COUNTY OF PINELLAS / PINELLAS COUNTY, including CITY OF LARGO within the Language of Land Patent numbered 8702 (1891) to do so:

## III. <u>OVERVIEW</u>

3.1    JME Trust petitions UNITED STATES for a permanent injunction on STATE OF FLORIDA, COUNTY OF PINELLAS / PINELLAS COUNTY, CITY OF CLEARWATER and CITY OF LARGO from enforcing any legislation, ordinances as to regulation, taxation, and use of the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891), because:

A.    United States issued Land Patent numbered 5930 though an Act of Congress, and signed by President Cleveland in 1885 pursuant its Right enumerated at Art. IV, Sec. 3, Cl. 2 of the Federal Constitution (1789); Wherefore, this Land Patent constitutes a Contract between The Untied States of America and the Patent Holders, their heirs and assigns, a.k.a. (In this instance) the Beneficiaries of the JME Trust; and,

United States issued Land Patent numbered 8702 though an Act of Congress, and signed by President Harrison in 1891 pursuant its Right enumerated at Art. IV, Sec. 3, Cl. 2 of the Federal Constitution (1789); Wherefore, this Land Patent constitutes

a Contract between The Untied States of America and the Land Patent Holders, their heirs and assigns, a.k.a. (In this instance) the Beneficiaries of the JME Trust; and,

Viz.   **Brush v. Ware, 40 U.S. 93 (1841)**: "A patent appropriates the land call for and is conclusive against all rights subsequently acquired."

Viz.   **Wilcox v. Jackson, 38 US 498, 10 L.Ed. 264**: "Nothing passes a perfect title to public lands, with the exception of a few cases, but a patent."

B.   STATE OF FLORIDA, COUNTY OF PINELLAS / PINELLAS COUNTY, CITY OF CLEARWATER and CITY OF LARGO <u>never reserved any rights to Legislatively tax and regulate any of the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891)</u>; Wherefore, STATE OF FLORIDA, COUNTY OF PINELLAS / PINELLAS COUNTY, CITY OF CLEARWATER and CITY OF LARGO have  been trespassing, and continue to trespass upon Land Patents numbered 5930 (1885) and 8702 (1891) by Legislatively enforcing taxations, and regulations of the Lands situate within boundaries of Land Patents numbered 5930 (1885) and 8702 (1891) when they had no right to do so- enforcing these taxations, and regulations in *ex post facto* manners, thereby perpetually denying and depriving the Land Patent Holders, their heirs and assigns (JME Trust Beneficiaries) of peaceful enjoyment of these Lands, constituting an impairment of the obligations of these aforementioned Contracts; and,

Viz.   **Bicknell v. Comstock, 113 U.S. 149 (1885)**: "That this action was utterly nugatory, and left the patent of 1869 to Bicknell in as full force as if no such attempt to destroy or nullify it had been made is a necessary inference from the principles established by the Court in the case of *McBride v. Schurz, 102 U. S. 378*. That principle is that when the patent has been executed by the President and recorded in the General Land Office, all power of the executive department over it has ceased.

It is not necessary to decide whether this patent conveyed a valid title or not. It divested the title of the United States, if it had not been divested before, so that Bicknell or his grantees being in possession under claim and color of title, the statute of limitation began to run in their favor."

C.   The Land Patents numbered 5930 (1885) and 8702 (1891) do not  contain any express  right of preemption allowing for  any entries thereon,  for the  STATE OF FLORIDA  to  erect  Counties  and  Cities  within   the  Lands  situate  within  the Boundaries of the Land Patents; Wherefore, CITY OF LARGO and CITY OF CLEARWATER'S  enforcements of   their  Legislative   municipal  ordinances (Notices of Violations, Notices to Appear, et. al) upon the Lands situate within the

Boundaries of Land Patents numbered 5930 (1885)  and 8702 (1891) constitutes issuances of Bills of Attainders; and,

## IV. <u>Jurisdiction of This Matter</u>

4.1   **<u>Federal Questions (*28 U.S.C. §1331*)</u>:** The district courts shall have Original jurisdiction of any civil action arising under any Act of Congress relating to patents; See <u>Markman v. Westview Instruments, Inc.</u> 517 U.S. 370, 382 (1996) (citing *<u>Brown v. Huger</u>*, 62 U.S. 305 (1859)), and *<u>Fink v. O'Neil</u>*, 106 U.S. 272 (1872), respectively.  This matter arises because it concerns Land Patent Infringements; These Land Patents were issued and signed by President Grover Cleveland in 1885, and Benjamin Harrison in 1891, respectively, under Acts of Congress:

Viz. **<u>Markman v. Westview Instruments, Inc., 517 U.S. 370, 382 (1996)</u>**: (citing *Brown v. Huger*, 62 U.S. 305 (1859)), *"Brown* held: With regard to the second part of this objection, that which claims for the jury the construction of the patent, we remark that the patent itself must be taken as evidence of its meaning; that, like other written instruments, it must be interpreted as a whole, its various provisions be taken as far as practicable in connection with each other, and the legal deductions drawn therefrom must be conformable with the scope and purpose of the entire document. <u>This construction and these deductions we hold to be within the exclusive province of the court.</u> The patent itself could not be altered by evidence aliunde, but proof as <u>to the existence and character of the objects or subjects to which it was applicable</u> was regular, and even necessary to give it effect." (emphasis added)

Viz. **<u>Fink v. O'Neil</u>, 106 U.S. 272 (1882)**: "When Federal government grants a patent, the grantee is entitled to it as a matter of right and does not receive it as a matter of grace and favor."

### <u>Federal Questions</u>

? Did United States and State of Florida ever reserve any preemptive or other Rights to Legislate how the Lands could be used, taxed, and regulated within the boundaries of Land Patent numbered 8702 (1891) ?

? Did Pinellas County ever reserve any preemptive or other Rights to Legislate how the Lands could be used, taxed, and regulated within the boundaries of Land Patent numbered 8702 (1891) ?

? Did City of Clearwater ever reserve any preemptive or other Rights to Legislate how the Lands could be used, taxed, and regulated within the boundaries of Land Patent numbered 5930 (1885) ?

? Did City of Largo ever reserve any preemptive or other Rights to Legislate how the

1
2
Lands could be used, taxed, and  regulated within the boundaries of Land Patent numbered 8702 (1891) ?

3
4
5
6
7
? Did State of Florida ever reserve any Right within Land Patents numbered 5930 (1885) and 8702 (1891) to form any Counties and Cities within the Lands situate within Land Patents numbered 5930 (1885) and 8702 (1891)  during the Patent proceedings and process, up through the Land Patent being issued by the aforementioned President ?

8
9
10
11
12
13
14
? Are there any Exceptions Reserved or identified within the language and Construction of these Land Patents, including laws of the United States at the time of the Grant, to which these Land Patents may have been subject to certain mandates or prohibitions specified by any Act of Congress at the time of and during the Patent proceedings, for purposes of Taxation, Regulation and Entry upon the Lands situate within the boundaries of  Land Patents  numbered 5930 (1885) and 8702 (1891), by United States, State of Florida,  Hillsborough County / County of Hillsborough, Pinellas County / County of Pinellas, City of Clearwater, City of Largo  or any other Agency/Political Body/Political Subdivision of the State, or other Person(s)?

15
**Jurisdiction of the Court**

16
17
18
19
20
21
22
4.2   FLORIDA, PINELLAS COUNTY, CITY OF CLEARWATER and CITY OF LARGO, whose Offices are operated by  aliens / foreign agents  acting wrongfully enforcing County and City Ordinances without having any reservation of right to Legislatively tax and regulate the Lands situate within the Boundaries of Land Patents  numbered 5930 (1885) and 8702 (1891), which reservations must have been made during the Patent proceedings prior to these Land Patents being issued; These acts are contrary to the Act of Congress, interests, and titles under Land Patents  numbered 5930 (1885) and 8702 (1891), as it relates back to inception of right of patentee and the heirs and assigns thereto, including JME Trust Beneficiaries; and,

23
24
25
26
27
28
4.3   **Postal Matters (_28 U.S.C. §1339_)**: Public Officers of Florida, its Agencies  and its Political Subdivisions have been using to mails in a scheme and artifice to defraud Land Patent holders, their heirs, and assigns by sending extortion demands, advocating and advising through sabotaging and placing hindrances of the use of these Lands situated within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891) adverse to  the Patent holders, their Heirs and Assign, their Rights and Interests, under the Terms of these Land Patents, and Acts of Congress; and,

Page 8 of 20

4.4 **United States as Defendant (*28 U.S.C. §1346*)**: The United States is joined since it issued Land Patent numbered 5930 in the Year 1885; and issued Land Patent numbered 8702 in the Year 1891; Pursuant law, United States is a proper party under this Section; We require binding Declaratory Relief declaring the Rights, Interests and Restrictions reserved affecting all Parties regarding the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891), and the Rights thereunder;

4.5 **Construction of references to laws of the United States or Acts of Congress (*28 U.S.C. §1366*)**: This matter involves an Act of Congress that is directly related to Land Patents numbered 5930 (1885) and 8702 (1891) which Rights under the Land Patents relates to the Construction of References to the Land Patents themselves, including Treaties pertinent thereto; and,

4.6 ***28 U.S.C. §1338***: This Matter arises because of Infringements of these Land Patents by STATE OF FLORIDA, COUNTY OF PINELLAS / PINELLAS COUNTY, CITY OF LARGO, CITY OF CLEARWATER; and,

## V. **IRREFUTABLE FACTS**

5.1 The Property known and described by CITY OF CLEARWATER as 1423 PARK STREET, CLEARWATER, FLORIDA 33755 is situated upon Lands within the Boundaries of Land Patent numbered 5930, which was issued in the Year 1885, pursuant an Act of Congress, and signed by Grover Cleveland, President of the United States of America, making Land Patent numbered 5930 (1885) the "Supreme Law of the Land," and the judges in every State shall be bound thereby, pursuant Art. VI of the Federal Constitution (1789); A certified copy of the Property Record for 1423 PARK STREET, CLEARWATER, FLORIDA 33755 is made reference to and incorporated herein as though fully set forth herein, as "Exhibit 1"; and,

Viz. **Article VI of the Federal Constitution (1789):** "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

5.2 The Property known and described by CITY OF LARGO as 20 BELLE MEADE CIR, LARGO, FLORIDA 33770 is situated upon Lands within the Boundaries of Land Patent numbered 8702, which was issued in the Year 1891, pursuant an Act of Congress, and signed by Benjamin Harrison, President of the United States of America, making Land Patent numbered 8702 (1891) the "Supreme Law of the Land," and the judges in every State shall

be bound thereby, pursuant Art. VI of the Federal Constitution (1789); A certified copy of the Property Record for 20 BELLE MEADE CIR, LARGO, FLORIDA 33770 is made reference to and incorporated herein as though fully set forth herein, as "Exhibit 2"; and,

5.3    Further, each of the Land Patents (Numbered 5930 (1885) and 8702 (1891)) each evidence of the Acts of Congress respecting the disposal of the Public Lands acquired within the lands of East and West Florida by the United States via the 1819 <u>Treaty of Amity, Settlement, and Limits Between the United States of America and His Catholic Majesty</u>, more commonly known as the "Adams-Onis Treaty of 1819;" When, by Treaty dated February 22, 1819, Spain ceded to the United States "in full property and sovereignty," all the territories known by the name of East and West Florida, the titles to all the lands within the ceded domain became subject to the laws of the United States upon the conditions set-forth and stipulated at Article VI of the "Adams-Onis Treaty of 1819," To Wit:

Viz.    **<u>Article VI of the Treaty of Amity, Settlement, and Limits Between the United States of America and His Catholic Majesty</u>**: "The inhabitants of the territories which His Catholic Majesty cedes to the United States, by this treaty, shall be incorporated in the Union of the United States as soon as may be consistent with the principles of the Federal Constitution, and admitted to the enjoyment of all the privileges, rights, and immunities of the citizens of the United States."

5.4    Wherefore, the Lands within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891) was disposed of by the United States, pursuant its obligations at Article VI of the "Adams-Onis Treaty," through an Act of Congress, as is the Right of the United States pursuant Article IV, Section 3, clause 2 of the Federal Constitution (1789); The State of Florida assented via the 1845 Act of Admissions, codified at Fla. Stat. 6.01, *supra*; and,

Viz.    **<u>Article IV, Section 3, clause 2 of the Federal Constitution (1789)</u>**: "The Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States; and nothing in this constitution shall be so construed as to prejudice any claims of the United States, or of any particular state."

5.5    Land Patents numbered 5930 (1885) and 8702 (1891) <u>do not contain any reservations</u> for STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO to Tax or Regulate the Lands situate within the Boundaries of the Land Patents; Nor is there any exception(s) or expressed right of preemption or entry for STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO within the language of the Land Patents numbered 5930 (1885) and 8702 (1891); and,

5.6    Wherefore, STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO cannot claim such exception or expressed right of preemption now to assert its public trust easements over JME Trust properties, pursuant *Summa Corp. v. Cal. State Lands Comm'n*, 466 U.S. 198 (1984):

Viz.    **Summa Corp. v. Cal. State Lands Comm'n, 466 U.S. 198 (1984):** "California cannot at this late date assert its public trust easement over petitioner's property, when petitioner's predecessors-in-interest had their interest confirmed without any mention of such an easement in the federal patent proceedings. The interest claimed by California is one of such substantial magnitude that, regardless of the fact that the claim is asserted by the State in its sovereign capacity, this interest must have been presented in the patent proceedings or be barred."

5.7    The Florida Legislature, pursuant the Statute approved July 25, 1845 and Article IV, Section 3, Clause 2 of the Federal Constitution (1789), cannot expressly grant PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO any powers to regulate or tax the use of Lands that are <u>without</u> the "Sovereignty Lands" and "Public Lands" of Florida within the boundaries of the geographical territory known and described as "Largo," because those Lands, including the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891), were never granted to Florida by the United States; The Titles to all those Lands remained subject to the laws of the United States, and the United States whom disposed of those Lands to private parties through various Acts of Congress, as is its Right pursuant Article VI of the "Adams-Onis Treaty" of 1819, the statute approved July 25, 1845 and Article IV, Section 3, Clause 2 of the Federal Constitution (1789);

Viz.    **People v. Long Island Railroad, 113 Misc. 700, 185 N.Y.S. 594 (N.Y. Sup. Ct. 1920):** "This provision [Art. VI of the Federal Constitution (1789)] very plainly states that it is not the laws of the United States but the laws of the United States *which shall be made in pursuance of the Constitution*, that bind the judges in every state." (emphasis mine)

5.8    Wherefore, STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO can not now regulate or tax the Peoples' use of the Lands situated within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891), because STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO <u>never reserved any rights to Legislate how these Lands may be used in the future, nor were they granted any exceptions to regulate and tax these Lands</u> during the Patent proceedings, nor within the Language within the Land Patents themselves when issued; and,

Page 11 of 20

Viz:   **United States v. Waddell**, 112 U.S. 76 (1884): "The right here guaranteed is not the mere right of protection against personal violence. This, if the result of an ordinary quarrel or malice, would be cognizable under the laws of the state and by its courts. But it is something different from that. It is the right to remain on the land in order to perform the requirements of the act of Congress, and, according to its rules, perfect his incipient title.

Whenever the acts complained of are of a character to prevent this, or throw obstruction in the way of exercising this right, and for the purpose and with intent to prevent it, or to injure or oppress a person because he has exercised it, then, because it is a right asserted under the law of the United States and granted by that law, those acts come within the purview of the statute and of the constitutional power of Congress to make such statute. In the language of the court in *Ex Parte Yarbrough*:

"The power arises out of the circumstance that the function in which the party is engaged, or the right which he is about to exercise, is dependent on the laws of the United States. In both of these cases it is the duty of that government to see that he may exercise this right freely and to protect him from violence while so doing, or on account of so doing."

This language is as applicable to the present case as it is to that. It would, indeed be strange if the United States, under the constitutional provisions we have cited, being the owner of unsettled lands larger in area than the most powerful kingdoms of Europe and having the power "to dispose of and make all needful rules and regulations respecting this territory," cannot make a law which protects a party in the performance of his existing contract for the purchase of such land, without which the contract fails and the rights, both of the United States and the purchaser, are defeated."

5.9    Wherefore, the  United States has the duty to see that the Patent Holders, their Heirs and Assigns (in this instance, the JME Trust Beneficiaries) remain protected and have, and retain peaceful enjoyment of the Lands situate within the Boundaries of the Land Patents, and from encroachments, including that  they can exercise their Rights freely under the terms of the Land Patents numbers 5930 (1885) and 8702 (1891), and that they are protected while so doing, and, on account of so doing, as issuer, and guarantor under the terms of the Patents; and,

Viz.   **City of Boerne v. Flores, Archbishop of San Antonio, 521 U.S. 507 (1997)**: The power to "legislate generally upon" life, liberty, and property, as opposed to the "power to provide modes of redress" against offensive state action, was "repugnant" to the Constitution. Id., at 15. See also *United States v. Reese*, 92 U.S. 214, 218 (1876); *United States v. Harris*, 106 U.S. 629, 639 (1883); *James v. Bowman*, 190 U.S. 127, 139 (1903).

## TRESPASSES AND INFRINGEMENT BY PINELLAS COUNTY / COUNTY OF PINELLAS

5.10   The Pinellas County Code for PINELLAS COUNTY / COUNTY OF PINELLAS at Section Sec. 1-11, provides that "nothing in this Code shall affect any contract or right established,

Page 12 of  20

1   or accruing before the effective date of this Code."

2   Viz.   **Pinellas County Code, Sec. 1-11**: "Code does not affect prior offenses, penalties or
3   rights. Nothing in this Code or the ordinance adopting this Code shall affect any
    offense or act committed or done, or any penalty or forfeiture incurred, or any
4   contract or right established or accruing before the effective date of this Code."

5   5.11   On June 29, 2023 PINELLAS COUNTY / COUNTY OF PINELLAS wilfully, intentionally
6   entered a Notice of Tax Deed, thereby slandering Land Patent numbered 5930 (1885), which
    is the root of all title to the Lands situate within the Boundaries of Land Patent numbered
7   5930 (1885); PINELLAS COUNTY / COUNTY OF PINELLAS threatened, and continues
8   to threaten to sell at auction JME Trust's portion of the Lands situate within the Boundaries
    of Land Patent numbered 5930 (1885) for assessments and taxes repugnantly imposed; A
9   copy of the aforementioned "Notice of Tax Deed" is made reference to and incorporated
10  herein as though fully set forth herein, as "Exhibit 3;" and,

11
12  5.12   Further, On July 31, 2024, PINELLAS COUNTY / COUNTY OF PINELLAS wilfully,
    intentionally entered a Notice of Tax Deed, thereby slandering Land Patent numbered 8702
13  (1891), which is the root of all title to the Lands situate within the Boundaries of Land Patent
14  numbered 8702 (1891); PINELLAS COUNTY / COUNTY OF PINELLAS threatened, and
15  continues to threaten to sell at auction JME Trust's portion of the Lands situate within the
    Boundaries of Land Patent numbered 8702 (1891) for assessments and taxes repugnantly
16  imposed; A copy of the aforementioned "Notice of Tax Deed" is made reference to and
17  incorporated herein as though fully set forth herein, as "Exhibit 4;" and,

18  5.13   PINELLAS COUNTY / COUNTY OF PINELLAS initiated its repugnant processes
19  intending to : 1) Impose taxes upon these Lands, 2) Place liens upon these Lands for failure
20  to pay these taxes, and 3) Ultimately sell these Lands via "Tax Deed sale" for failure to pay
    these unlawfully assessed taxes - just another "mob-style protection racket;" and,
21

22                       **TRESPASSES AND INFRINGEMENT(S) BY**
                              **CITY OF CLEARWATER**
23
24  5.14   "The Code of Ordinances, City of Clearwater, Florida," ("Clearwater Code") at Section Sec.
    1.06, provides that "nothing in this Code shall affect any contract or right established, or
25  accruing before the effective date of this Code."

26  Viz.   **Clearwater Code, Sec. 1.06:** "Code does not affect prior offenses, rights, etc.
27  Nothing in this Code or the ordinance adopting this Code shall affect any offense or
    act committed or done, or any penalty or forfeiture incurred, or any contract or right
28  established or accruing, before the effective date of this Code."

5.15 On August 28, 2022 CITY OF CLEARWATER wilfully, intentionally, recklessly and erroneously Legislated the Lands situate within the Boundaries of Land Patent numbered 5930 (1885) by misapplication of Municipal Ordinances upon these Lands;

5.16 On August 28, 2022 CITY OF CLEARWATER wilfully, intentionally, recklessly and erroneously placed a lien upon the Lands situate within the Boundaries of Land Patent numbered 5930 (1885) to enforce its misapplications of Municipal Ordinances upon the Lands situate within the Boundaries of Land Patent numbered 5930 (1885); A copy from the county record of this repugnant process issued by CITY OF CLEARWATER is made reference to and incorporated herein as though fully set forth herein, as "Exhibit 5"; and,

5.17 CITY OF CLEARWATER initiated its repugnant process intending to : 1) Imposing fines upon these Lands for purported violations of violations of the Clearwater Code, 2) Placing erroneous liens upon these Lands for purported failures to pay these violations, and 3) Ultimately preparing to selling these Lands for purported failures to pay these unlawfully assessed fines and purported liens for these purported violations - just another "mob-style protection racket;" and,

## REDRESS DEPRIVED AND DENIED BY
## PINELLAS COUNTY / COUNTY OF PINELLAS AND CITY OF CLEARWATER

5.18 Further, on October 6, 2023, JME Trust brought our redress in the Chancery Court in Pinellas County, Florida, with Case Numbered 23-8629-CI, wherein JME Trust challenged these repugnant impositions by the Agents, Employees, and Officers of PINELLAS COUNTY / COUNTY OF PINELLAS and CITY OF CLEARWATER; The entirety of Case Numbered 23-8629-CI is made reference to and incorporated as though fully stated herein; and,

5.19 Ultimately, all the defendants identified at paragraph 4.22 of the aforementioned Case chose not to defend the lawsuits against themselves, and the Jury unanimously found each guilty on all counts enumerated within the Petition; Entries of Judgments as to each of the Defendants were entered into the records of the Chancery Court, and submitted to the County Clerk; In response, each of the Judgment-Debtor Defendants, after judgment, each individually, jointly and severally corruptly used the public Agents, Employees, and Officers of PINELLAS COUNTY / COUNTY OF PINELLAS and CITY OF CLEARWATER to secure their personal defenses, and conspired with Judicial Officer George Jirotka to strike the Judgments against each, without going through the proper

1

process of vacating, or appealing the judgments, violating Fla. Stat. 112.313(6); and,

2

3   Viz.   **Fla. Stat. 112.313(6)** MISUSE OF PUBLIC POSITION.—No public officer,
employee of an agency, or local government attorney shall corruptly use or attempt
to use his or her official position or any property or resource which may be within his
4   or her trust, or perform his or her official duties, to secure a special privilege, benefit,
or exemption for himself, herself, or others. This section shall not be construed to
5   conflict with s. 104.31.

6

5.20   Further, each of the Judgment-Debtor Defendants acted in violation of   Fla. Stat.
7   768.28(9)(a) and Section 2.032 of the Clearwater Code when they each individually, jointly
8   and severally misappropriated Public Finds and Resources within their Public Trusts  to
secure for themselves the benefit of publicly-funded Staff Attorneys and Counsels whom
9   they used for their own personal lawsuit defenses in an attempt to absolve themselves of their
10   personal liabilities for these aforementioned acts and omissions specified in the Judgments
to which each were  committed violations of law in bad faith, and with malicious purposes,
11   in manners exhibiting wanton and willful disregard of the Laws made in pursuance of the
12   Constitution and the Land Patent Holders, their Heirs and Assigns (in this instance, the
13   Beneficiaries of the JME Trust) Rights, Safety, and Property; and,

14

15   Viz.   **Fla. Stat. 786.28** Waiver of sovereign immunity in tort actions: (9)(a) An officer,
employee, or agent of the state or of any of its subdivisions may not be held
personally liable in tort or named as a party defendant in any action for any injury or
16   damage suffered as a result of any act, event, or omission of action in the scope of her
or his employment or function, unless such officer, employee, or agent acted in bad
17   faith or with malicious purpose or in a manner exhibiting wanton and willful
disregard of human rights, safety, or property. However, such officer, employee, or
18   agent shall be considered an adverse witness in a tort action for any injury or damage
suffered as a result of any act, event, or omission of action in the scope of her or his
19   employment or function. The exclusive remedy for injury or damage suffered as a
result of an act, event, or omission of an officer, employee, or agent of the state or
20   any of its subdivisions or constitutional officers is by action against the governmental
entity, or the head of such entity in her or his official capacity, or the constitutional
21   officer of which the officer, employee, or agent is an employee, unless such act or
omission was committed in bad faith or with malicious purpose or in a manner
22   exhibiting wanton and willful disregard of human rights, safety, or property. The
state or its subdivisions are not liable in tort for the acts or omissions of an officer,
23   employee, or agent committed while acting outside the course and scope of her or his
employment or committed in bad faith or with malicious purpose or in a manner
24   exhibiting wanton and willful disregard of human rights, safety, or property.

25   Viz.   **Section 2.032 of the Clearwater Code:** "(2) Nothing in subsection (1) of this section
shall authorize the city to indemnify or save harmless any employee or officer where
26   the employee or officer has acted in bad faith, with malicious purpose, or in a manner
exhibiting wanton and willful disregard of human rights, safety, or property."

27

5.21   Further, the Agents, Employees, and Officers of PINELLAS COUNTY / COUNTY OF
28

Page 15 of  20

1
2
3
4

PINELLAS and CITY OF CLEARWATER in the Chancery Court cases individually, jointly and severally acted in  violation of Fla. Stat. 843.0855(2), by simulating legal process attempting to  override  and supercede  Fla. Stat. 6.01 (the "Act of Admissions"), the Acts of Congress from which these Land Patents issued, and Art. IV, Sec. 3, Cl. 2 of the Federal Constitution (1789); and,

5
6
7
8
9
10
11

Viz.   **Fla. Stat. 843.0855**  Criminal actions under color of law or through use of simulated legal process: (2) A person who deliberately impersonates or falsely acts as a public officer or employee in connection with or relating to any legal process affecting persons and property, or otherwise takes any action under color of law against persons or property, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. It is the intent of the Legislature that this section applies if a person acts as an officer or employee purporting to supersede or override any legislation or statute of this state, or to supersede or override any action of any court of this state.

### TRESPASSES AND INFRINGEMENT BY CITY OF LARGO

12
13
14

5.22   "Code of Ordinances, City of Largo, Florida," ("Largo City Code") at Section Sec. 1.11, provides that "nothing in this Code shall affect any contract or right established, or accruing before the effective date of this Code."

15
16

Viz.   **Clearwater Code, Sec. 1.06:** "Code does not affect prior offenses, rights, etc. Nothing in this Code or the ordinance adopting this Code shall affect any offense or act committed or done, or any penalty or forfeiture incurred, or any contract or right established or accruing, before the effective date of this Code."

17
18
19
20
21

5.23   On February 12, 2024, and again on February 13, 2024, CITY OF LARGO wilfully, intentionally, recklessly and erroneously Legislated the Lands situate within the Boundaries of Land Patent numbered 8702 (1891) by misapplications of Municipal Ordinances upon these Lands; A copy from the Court record of this repugnant imposition by CITY OF LARGO is made reference to and incorporated herein as though fully set forth herein, as "Exhibit 6"; and, and,

22
23
24

5.24   On March 3, 2024 CITY OF LARGO again wilfully, intentionally, recklessly and erroneously Legislated the Lands situate within the Boundaries of Land Patent numbered 8702 (1891) by misapplications of Municipal Ordinances upon these Lands; and,

25
26
27
28

5.25   On March 4, 2024 CITY OF LARGO wilfully, intentionally, recklessly and erroneously issued processes in criminal Court when it filed Four Court cases to erroneously enforce its misapplications of Municipal Ordinances upon the Lands situate within the Boundaries of Land Patent numbered 8702 (1891); CITY OF LARGO erroneously initiated these four

processes threatening to: 1) Jail the trustee of JME Trust if the Trustee does not appear and submit; 2) Attempting to obtain a County Court's "rubber stamp" for regulation of the use of these Lands; 3) Imposing fines for purported violations of these regulations, 4) Placing erroneous liens upon these Lands for purported failures to pay the fines unlawfully imposed, and 5) Ultimately selling these Lands for purported failure to pay these unlawfully imposed fines and liens - just another "mob-style protection racket;" A copy from the Court record of each process issued by CITY OF LARGO is made reference to and incorporated herein as though fully set forth herein, as "Exhibits 7-10"; and,

5.26   When STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO initiated their repugnant processes, they each engaged, and continue to engage in a what can only be called a "mixed war" - a hostile unlawful administrative takeover of the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891) through an invasion by "privateers" usurping operating these Public Agencies and Offices Un-constitutionally, unlawfully, and unethically by Legislatively issuing Bills of Attainders having the force and effect of "Letters of Marque and Reprisal;" and,

Viz.   **"Mixed War."** Ballentine's Law Dictionary (1916): "A war between a nation and individuals. See 1 Hill (N. Y.) 377, 25 Wend. (N. Y.) 482, 37 Am. Dec. 328."

5.27   Moreover, when STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO criminally trespassed upon the Lands of the Sovereign People- those Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891), STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO wilfully, intentionally, recklessly and erroneously infringed upon these Land Patents by falsely thinking, and claiming that Acts of Congress are inferior to their Municipal Ordinances and Codes, including that the Laws of the United States made in pursuance of the Constitution are of no force and effect; Each trespass confesses and admits an act of insurrection and rebellion, pursuant 18 U.S. Code § 2383, To Wit:

Viz.   **18 U.S. Code § 2383**: "Rebellion or insurrection: Whoever incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States or the laws thereof, or gives aid or comfort thereto, shall be fined under this title or imprisoned not more than ten years, or both; and shall be incapable of holding any office under the United States."

# VI. <u>RELIEF REQUIRED</u>

6.1    Wherefore, the reasons stated above, We require this Court grant our Petition and Issue a Permanent Injunction to STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO from enforcing any of their erroneous and repugnant Legislative Enactments regarding taxation, regulation and how the Lands are used, thereby permanently prohibiting STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO exercising said erroneous Legislative Enactments and Enforcements upon all Lands situate within the Boundaries of the Land Patents numbered 5930 (1885) and 8702 (1891);

6.2    Further, to ensure proper enforcement of this permanent injunction, We require this Court instruct STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO to re-survey and update the City and County Land Records for all properties within the Lands situate within the Boundaries of Land Patents numbered 5930 (1885) and 8702 (1891) updating the references in the County's Land Records to include Land Patents numbered 5930 (1885) and 8702 (1891) as the "Root of Title" for all "real estate" situate upon the Lands within the Boundaries of these Land Patents; and,

6.3    We require this Court issue binding Declaratory Relief in favor of Land Patent Holders (JME Trust) that Land Patents 5930 (1885) and 8702 (1891) do not contain any reservations by STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO to Legislate and regulate how any of the lands within the boundaries of Lands numbered 5930 (1885) and 8702 (1891) are used, maintained and disposed-and are permanently prohibited from doing so in the future; and.

6.4    We require this Court issue binding Declaratory Relief in favor of Land Patent Holders assigns, JME Trust that Land Patents 5930 (1885) and 8702 (1891) do not contain any reservations by STATE OF FLORIDA, PINELLAS COUNTY / COUNTY OF PINELLAS, CITY OF CLEARWATER and CITY OF LARGO to tax, fine, fee and assess any of the lands within the boundaries of Land Patents numbered 5930 (1885) and 8702 (1891)-and are permanently prohibited from doing so against Land Patent Holders in the future, forthwith; and,

6.5    We require this Court issue binding Declaratory Relief in favor of Land Patent Holders, assigns, JME Trust that any "Notice of Tax Deed" and any sale is void- and STATE OF

FLORIDA and PINELLAS COUNTY / COUNTY OF PINELLAS are permanently prohibited from doing so against Land Patent Holders in the future, forthwith, including enacting any Laws that would adversely affect Land Patent Holders' Rights in the future; and,

6.6    We require this Court enter an Order in favor of Land Patent Holders JME Trust granting the sum Thirty Thousand Dollars at $1,000.00 / per hour to JME Trust for attorney fees/like attorney fees; and for costs, fees, forthwith, and,

6.7    We require this Court enter an Order in favor of Land Patent Holders JME Trust granting any further supplemental relief as may be just and proper;

We reserve the right to amend and file additional and supplemental petitions within this matter without leave of court; and,

RESPECTFULLY SUBMITTED this _14th_ day of May, 2024 A.D.;

By:
Trustee for the JME Trust

Page 19 of 20

1

## CERTIFICATE OF SERVICE

2 I HEREBY CERTIFY that on or about this 14th day of May, 2024 A.D., I filed the foregoing

3 with the United States District Court, Middle District of Florida, and served a copy of the

4 foregoing upon:

5 STATE OF FLORIDA
Office of Attorney General
6 107 West Gaines Street
Tallahassee, Florida 32301; and,

7

PINELLAS COUNTY / COUNTY OF PINELLAS
8 Pinellas County Attorney's Office
315 Court St, 6th Floor
9 Clearwater, Florida 33756-5165; and,

10
CITY OF LARGO
11 ALAN S ZIMMET, ESQ
BRYANT MILLER OLIVE P A
12 400 North Tampa Street, Suite 1600
Tampa, Florida 33602; and,

13

CITY OF CLEARWATER
14 City Attorney's Office
600 Cleveland St Ste 600
15 Clearwater, FL 33755-4151

16

17

18 by: _____
Trustee and Attorney-in-fact for JME Trust

19 Correspondence Mailing Address:
JME Trust
20 P.O. Box 5222
Largo Florida
21 727-557-6887
iamsomedude@yahoo.com
22 - end of affidavit -

23

24

25

26

27

28

Page 20 of 20